## H. S. DICKINSON & SON *v.* WILL BOWERS.

PLEADING AND PRACTICE AT LAW. *Judgment. Death of party. Execution.* Where there are two or more plaintiffs or defendants in a personal action, and one or more of them die, execution may be had for or against the survivor; but the death should be suggested, and execution in such case should be taken out in the joint name of all the plaintiffs or defendants, otherwise it will not be warranted by the judgment.

Case cited: Cabiness *v.* Garrett, 1 Yer., 491.

### FROM HARDEMAN.

Appeal from the Circuit Court.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

On the 25th of October, 1859, H. S. Dickinson & Son recovered a judgment in the Circuit Court of Hardeman county, for $836.58 against Will Bowers. Execution issued on this judgment and was returned November 11, 1859, "no property found." On the 12th of August, 1873, there being no property to levy on, summoned O. B. Polk and P. H. Bowers, administrators of J. J. Polk, to answer as garnishees at the November term, 1873, of the Circuit Court.

At the term to which the garnishment was returnable, plaintiffs moved for judgment against the garnishees for failure to answer, and at the same time defendants moved to quash the execution issued on the 12th of August, 1873, and the garnishment based thereon. The court overruled the motion of plaintiff, but sustained the motions of defendant, and quashed the execution and dismissed the garnishment. From these rulings plaintiffs have appealed.

The ground upon which the court quashed the execution was, that it issued in the name of H. S. Dickinson & Son, although it appeared by an entry on the record, made on the 23d of July, 1873, that the death of H. S. Dickinson was suggested and proved, and that without other proceedings the court ordered execution to issue upon the judgment of October 25, 1859. The only evidence as to the character of the plaintiffs in the judgment is found in the judgment itself, and in that judgment plaintiffs are described

as H. S. Dickinson & Son. Whether they constituted a firm, doing business under the style of H. S. Dickinson & Son, or what their respective interests in the judgment were, or what was the name of the son, does not appear from anything in the record.

But it does appear that H. S. Dickinson & Son constituted the plaintiffs in the judgment, and that they were joint plaintiffs. It further appears that H. S. Dickinson was proved to be dead on the 23d of July, 1873, but the date of his death does not appear; but as the *alias* execution issued on the 12th of August, 1873, it is apparent that he was dead at the time the execution issued in his name. Upon these facts the court quashed the execution, and dismissed the garnishment, and the question is, whether this was error?

In Tidd's Practice, vol. 2, p. 1120, it is said, that "it is now settled that when there are two or more plaintiffs or defendants in a personal action, and one or more of them die, etc., execution may be had for or against the survivors, without a *scire facias;* but the execution in such case should be taken out in the joint name of all the plaintiffs or defendants, otherwise it will not be warranted by the judgment." This authority was relied on and followed by this court in the case of *Cabiness* v. *Garrett,* 1 Yer., 491.

Judge Caruthers, in his History of a Lawsuit, sec. 417, says: "If there were two or more plaintiffs or defendants, and one died, the execution issued in their joint names as if the death had not occurred, but the death should be suggested."

Upon these authorities we hold that the Circuit

Hill *v.* Walker.

Judge erred in quashing the execution and dismissing the garnishment. The judgment is reversed, and the cause remanded for further proceedings on the garnishment.